STEVENSON, J.
 

 This is an appeal from a final summary judgment discharging a construction lien filed by appellant, Everglades Electric Supply, Inc., against a shopping center owned by appellee, Paraíso Granite, LLC. Everglades was a sub-contractor for improvements that one of Paraiso’s tenants made on the storefront it leased from Pa-raíso. We reverse the summary judgment because the section 713.10 notice filed by Paraíso Granite, which could have precluded the lien on the shopping center for
 
 *236
 
 improvements to the leased storefront, was defective.
 
 [1]
 

 GKK-Pembroke, Ltd., owned Paraíso Parc, a Publix-anchored shopping center in Broward County with units GKK-Pembroke leased to other businesses. In May 2005, GKK-Pembroke entered into a lease for one of the units that contained the following provision:
 

 10.01
 
 Liens.
 
 Nothing contained in this Lease shall be construed to confer upon any party, including, without limitation, material men and contractors, the right to file a mechanic’s or material men’s lien or other lien or any claim relating thereto, nor to perform any labor or to furnish any materials for the account of Landlord in respect to the construction of any improvements, alterations or repairs to the Premises by Tenant, its employees, agents, or contractors.
 

 The following month, and pursuant to Florida’s Construction Lien Law,
 
 see
 
 §§ 713.001-.37, Fla. Stat. (2007), GKK-Pembroke filed a notice with the Broward County clerk containing the following statement:
 

 3. All leases entered into by GKK-PEMBROKE with Lessees for premises on the Exhibit “A” property contain the following language:
 

 “Lien for Tenant Improvements:
 
 This Lease expressly provides, pursuant to Section 713.10 Florida Statutes, that the interest of the Landlord shall not be subject to liens for improvements made by Tenant. The Tenant shall notify the contractor making any such improvements of such provision in the Lease, and the knowing or willful failure of Tenant to provide such notice to the contractor shall render the contract between the Tenant and the contractor voidable at the option of the contractor.”
 

 4. Therefore, potential lienors are put on notice that no lien may be filed against the Exhibit “A” property for work done on behalf of Lessees on any portion of the Exhibit “A” property-
 

 Appended to this notice was a legal description of the subject property, the shopping center.
 

 Later in 2006, GKK-Pembroke and Boca Tanning Systems, Inc., signed a ten-year lease for a storefront in the shopping center. In building out the storefront for its business, Boca Tanning appears to have engaged Living Water Construction & Development, Inc., as its general contractor. At some point, Living Water contracted with subcontractor Strickland Electric, which in turn contracted with sub-subcontractor Everglades Electric, the appellant here. GKK-Pembroke sold Paraíso Parc to Paraíso Granite, LLC, the appellee, in March 2007. Accordingly, GKK-Pembroke assigned to Paraíso Granite its interest in the shopping center, including all of the leases.
 

 In July 2007, when Everglades Electric had not been paid for some of its work, the company recorded a claim of lien against the property leased by Boca Tanning, which property was now owned by Paraíso Granite. Paraíso Granite’s property manager discovered the lien sometime in 2008 and unsuccessfully attempted to have Everglades Electric release it. Paraíso Granite subsequently filed this lawsuit to discharge the lien, among other things. In its answer to Paraíso Granite’s complaint, Everglades Electric raised a counterclaim to enforce its lien against
 
 *237
 
 Paraiso Granite. Paraiso Granite moved for summary judgment, arguing that the notice it had filed under section 713.10 prevented Everglades Electric from recording its lien against the shopping center. Everglades Electric responded by essentially arguing that Paraiso Granite’s section 713.10 notice was defective since not all leases in effect contained the language from the notice. After a hearing, the trial judge granted Paraiso Granite’s motion and discharged Everglades Electric’s lien.
 

 We review an entry of summary judgment
 
 de novo. Craven v. TRG-Boynton Beach, Ltd.,
 
 925 So.2d 476, 479 (Fla. 4th DCA 2006). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact.
 
 Id.
 
 at 479-80. In considering the motion, the court must make every possible inference in favor of the moving party.
 
 Id.
 
 at 480. “A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.”
 
 Id.
 
 We conclude that the trial judge erred because Paraiso Granite did not conclusively show that the facts entitled it to summary judgment.
 

 GKK-Pembroke’s notice did not fully comply with Florida’s Construction Lien Law such as to categorically bar Everglades Electric’s lien. Section 713.10, Florida Statutes (2007), concerns the extent of a construction lien filed under the law. It provides that a lien “shall extend to, and only to, the right, title, and interest of the person who contracts for the improvement as such right, title, and interest exists at the commencement of the improvement.”
 
 Id.
 
 If, however, “an improvement is made by a lessee in accordance with an agreement between such lessee and her or his lessor, the lien shall extend also to the interest of such lessor.”
 
 Id.
 

 But, the statute provides three ways for a lessor to prevent a lien from attaching to his or her interest in the property; only the first two are relevant here. First, the lessor can record “[t]he [subject] lease or a short form thereof ... in the clerk’s office and the terms of the lease expressly prohibit such liability.” § 713.10(1). Second,
 

 [when]
 
 [a]ll of the leases
 
 entered into by a lessor for the rental of premises on a parcel of land prohibit such liability and a notice which sets forth the following is recorded by the lessor in the public records of the county in which the parcel of land is located:
 

 (a) The name of the lessor.
 

 (b) The legal description of the parcel of land to which the notice applies.
 

 (c) The specific language contained in the various leases prohibiting such liability.
 

 (d) A statement that all leases entered into for premises on the parcel of land contain the language identified in paragraph (c).
 

 § 713.10(2) (emphasis added). When a lessor properly follows one of these procedures, “[t]he interest of the lessor shall not be subject to liens for improvements made by the lessee.” § 713.10.
 

 Everglades Electric contends that Parai-so Granite could not use subsection 713.10(2) because not every lease it had signed contained the same language prohibiting liens. Paraiso Granite argues in response that all of its leases contained a lien prohibition, even though they were worded slightly differently from each other or from the section 713.10 notice. We agree with Everglades Electric. A lessor can avail itself of the blanket notice provided for in subsection 713.10(2) only if, as the plain language of the statute states, “[a]ll of the leases entered into by a lessor ... prohibit such liability” and the lessor files a notice containing “[t]he specific language contained in the various leases prohibiting
 
 *238
 
 such liability.” Here, the ostensibly lien-prohibiting language in the May 2005 lease was significantly different, and more conditional, than the language in the section 718.10 notice. Thus, not all of the leases contained the notice language. Therefore, GKK-Pembroke did not comply with section 713.10 and its notice was defective.
 

 Paraíso Granite urges us to interpret subsection 713.10(2) to operate prospectively, so that only leases entered into after the filing of a notice need conform to the language in the notice and only those leases would be protected. Under this interpretation, any leases entered into pri- or to the filing of a notice would be irrelevant. Paraíso Granite’s interpretation of subsection 713.10(2) is erroneous, since the plain language of the statute clearly encompasses all leases and does not distinguish between those leases entered into before the notice was filed and those entered into after. Paraíso Granite argues that the interpretation we adopt would leave lessors with little protection against claims by laborers and materialmen. We disagree. In this instance, Paraíso Granite could have followed the procedure in subsection 713.10(1) by recording short-form leases until any non-conforming leases were no longer in effect. Once they were no longer in effect, it could have recorded the blanket notice.
 

 Because the section 713.10 notice was defective, we hold that the trial judge erred in granting Paraíso Granite’s motion for summary judgment and in discharging Everglades Electric’s lien. Accordingly, we reverse and remand for proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . Everglades Electric raises four other issues in this appeal, but we decline to address them because we reverse on this point.